# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE A. BLACKBURN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>Defendant. ) | Case No. CIV-20-993-AMG |

## MEMORANDUM OPINION AND ORDER

Nicole Blackburn ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 15, 19), and the parties have fully briefed the issues. (Docs. 21, 25).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 17, 18). For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

**I.     Procedural History**

Plaintiff filed her application for DIB on June 18, 2018, alleging a disability onset date of June 12, 2015.  (AR, at 198, 339).  The SSA denied the application initially and on reconsideration.  (*Id*. at 226-29, 233-38).  An administrative hearing was then held on August 14, 2019.  (*Id*. at 175-97).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 7-23).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-6).  Thus, the ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**II.    The Administrative Decision**

At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since June 12, 2015, the alleged onset date.  (AR, at 12).  At Step Two, the ALJ found that Claimant had the following severe impairments: "depression disorder and anxiety disorder."  (*Id*. at 13).  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*.)  The ALJ then determined that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, and repetitive tasks and occasional interaction with coworkers, supervisors, and the public.

(*Id*. at 14).  Then, at Step Four, the ALJ concluded that Plaintiff was "capable of performing past relevant work as a housekeeper/cleaner."  (*Id*. at 17).  Thus, the ALJ found that Claimant had not been under a disability since June 12, 2015.  (*Id*. at 18).

### III. Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue – that the ALJ failed to adequately assess the medical opinion of LPC Soap, Plaintiff's counselor. (Doc. 21, at 3). Plaintiff begins by pointing out that the ALJ failed to include, without explanation, limitations in her RFC that were included in the portions of LPC Soap's opinion that the ALJ found persuasive. (*Id.* at 4). Plaintiff asserts that the ALJ "discussed only the portions of LPC Soap's opinion that supported" her finding of not disabled – ignoring the "portions of LPC Soap's opinion that were more restrictive than her RFC." (*Id.*) These errors, Plaintiff alleges, resulted in a final determination of not disabled, a determination that is not supported by substantial evidence.

In response, the Commissioner denies that the ALJ picked and chose the evidence that was favorable to a finding of not disabled. (Doc. 25, at 10). Instead, the Commissioner proffers the ALJ "appropriately considered all the evidence." (*Id.*) The Commissioner also asserts that an ALJ is "not required to discuss every limitation in an opinion or specify which limitations [the ALJ] found persuasive or unpersuasive." (*Id.* at 9). The Commissioner maintains that the ALJ's RFC remains supported by substantial evidence.

### IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical,

3

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

4

the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court

will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     The ALJ Improperly Assessed LPC Soap's Medical Opinion.**

Under the applicable regulations,[4] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ considers the persuasiveness of the opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." *Id*. § 404.1520c(c). Supportability and consistency are the most important factors. *Id*. § 404.1520c(a). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from

---

[4] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2). The ALJ must articulate how persuasive she finds a medical opinion. *Id*. § 404.1520c(b). In doing so, the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[5]

Plaintiff claims that the ALJ failed to adequately assess the medical opinion of LPC Soap, Plaintiff's counselor, by labeling the opinion persuasive but including only some of the recommended limitations in the RFC without adequate explanation. (Doc. 21, at 3-4). As to LPC Soap's opinion, the ALJ stated:

> As for other opinion evidence, John Soap, LPC, the claimant's therapist, completed a mental health questionnaire on July 28, 2019, regarding the claimant's ability to perform mental, work-related tasks (Ex. B10F) (exhibit B18F is a duplicate). He indicate[d] the claimant was mainly seriously limited in performing skilled, semi-skilled, and unskilled work; however, he noted some unskilled tasks could be performed satisfactorily. He also noted limited but satisfactory social functioning. He further indicated the claimant would be absent from work more than four days per month. The undersigned finds persuasive the portion of the opinion regarding the claimant's ability to perform unskilled tasks and to engage satisfactorily in social interactions. While little explanation is provided as support for his conclusions, these workplace abilities are consistent with the adverse mental health findings in the record, including impaired mood and affect and a guarded demeanor. These abilities are also consistent with the claimant's subjective complaints of trouble concentrating and anxiety around others. The portion of the opinion regarding absenteeism in the workplace has no support in the objective record whatsoever; therefore, it is unpersuasive.

---

[5] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

(AR, at 16). The ALJ found "that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, and repetitive tasks and occasional interaction with coworkers, supervisors, and the public." (*Id*. at 14). The ALJ noted that that the RFC was supported, in part, by "the opinions of the claimant's therapist." (*Id*. at 17).

Although the ALJ found "persuasive the portion of the opinion regarding the claimant's ability to perform unskilled tasks and to engage satisfactorily in social interactions," (*id*. at 16), the ALJ's decision does not consider many of LPC Soap's stated limitations or include them in the RFC, including certain limitations that directly conflict with Plaintiff's purported ability to "perform unskilled tasks" and "engage satisfactorily in social interactions." For instance, the ALJ wholly ignored the fact that LPC Soap opined that Plaintiff would be "[u]nable to meet competitive standards"[6] in the following "mental abilities and aptitudes needed to do unskilled work:" "[u]nderstand and remember very short and simple instructions;" "[a]ccept instructions and respond appropriately to criticism from supervisors;" and "[d]eal with normal work stress." (*Id*. at 911-12).

Furthermore, the ALJ stated that "[t]he portion of [LPC Soap's] opinion regarding absenteeism in the workplace has no support in the objective record whatsoever" (*id*. at 16), apparently referring to the portion of the questionnaire she cited indicating that "the

---

[6] The health questionnaire defines "unable to meet competitive standards" to mean that the "patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." (AR, at 911).

claimant would be absent from work more than four days per month." (*See id*. at 913). However, the ALJ ignored LPC Soap's opinions that Plaintiff would be "[u]nable to meet competitive standards" in the areas of "[m]aintaining regular attendance and be[ing] punctual within customary, usually strict tolerances," and "[c]omplet[ing] a normal workday and workweek without interruptions from psychologically based symptoms." (*Id*. at 911).

Finally, LPC Soap noted that Plaintiff would need to take four unscheduled 15-minute breaks per day, if she attempted to work in any full-time position. (*Id*. at 913). And he opined that Plaintiff does not go anywhere by herself and must be accompanied by her grandmother because "[h]er extreme anxiety makes it very difficult." (*Id*. at 912). The ALJ did not address these limitations in the decision.

The failure of the ALJ to explain how she considered or why she disregarded medical opinions supporting a finding of disability in an opinion the ALJ deemed persuasive in part is error. An ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability," without explaining her reasoning. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). While "an ALJ is not required to discuss every piece of evidence," she must "discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996); *see also* 20 C.F.R. §§ 404.1520(a)(3) ("We will consider all evidence in your case record...."). The

9

ALJ in this case engaged in prohibited picking and choosing. Accordingly, remand is required.[7]

## VI.   Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 22nd day of March, 2022.



AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).